

Carter Powers Beggs
*Trial Attorney*
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Martin Diaz-Amezcua

United States District Court
Eastern District of Washington
Honorable Rebecca L. Pennell

| | |
|---|---|
| United States, | No. 2:25-cr-00072-RLP-1 |
| Plaintiff, | Trial Brief |
| v. | |
| Martin Rafael Diaz-Amezcua, | |
| Defendant. | |

Martin Diaz-Amezcua submits the following trial brief.

## I. Background

Mr. Diaz-Amezcua is charged in a one-count indictment with Assault on a Federal Officer. The Indictment alleges that on April 29th, 2025, Mr. Diaz-Amezcua intentionally and forcibly assaulted, resisted, or interfered with Border Patrol Agent Walter Sketch.

On April 29th, 2025, immigration officials attempted to arrest Mr. Diaz-Amezcua in his front yard for an outstanding immigration order of removal. As Mr. Diaz-Amezcua gripped the gate of his home, multiple agents slammed into him, attempting to pry him from his fence.

The first responding agent, Walter Sketch, is expected to testify that Mr. Diaz-Amezcua elbowed him during this interaction which left him dazed for several seconds. Two angles of surveillance footage capture most of the incident. These angles show Mr. Diaz-Amezcua tensing up and resisting officers' attempts to bring him to the ground and handcuff him. While the footage shows resistance to arrest, it does not capture any apparent elbow strike by Mr. Diaz-Amezcua.

In addition to the lack of elbow strike on video, no witness but Agent Sketch will testify that they saw an elbow strike. The other officers on scene, Special Agent John Zappone and Agent Charles Wilson, did not witness any elbow strike as they ran towards the arrest. On the other side of the incident, Mr. Diaz-Amezcua's roommate

Douglas Young had a full view of the incident as he investigated the commotion outside the house's side door. Mr. Young will testify that he did not see any strike by Mr. Diaz-Amezcua.

Following the incident, Agent Sketch developed an apparent black eye. Defense expert forensic nurse Merriam Young is expected to testify to the physiology of black eyes and that they can be formed from minor impacts or low force trauma. Ms. Young intends to testify consistent with her previously disclosed report. Ms. Young will not testify that Agent Sketch's eye injury is consistent with accidental trauma, per the Court's order, but the Defense expects to advance this theory during closing argument.

The defense expects that the Government will attempt to prove Mr. Diaz-Amezcua's lack of mistake through 404(b) evidence of his 2018 arrest by Border Patrol on the Spokane County Superior Courthouse steps. Following the Court's approval of this testimony, the defense raised concerns with the Government that Mr. Diaz-Amezcua going into custody in 2018, and then being rearrested in 2025 would create juror confusion with why he was back out on the streets, and whether he potentially reentered the country without permission following his 2018 arrest.

To address these concerns, the Government has indicated that Agent Seth Justesen will be able to speak in broad strokes about Mr. Diaz-Amezcua's immigration history following the incident, and to quash any juror confusion over why he was

rearrested for the same immigration issue seven years later. Mr. Diaz-Amezcua intends to elicit this testimony briefly, without needlessly bogging down the proceedings with immigration law or a deluge of immigration documents.

In sum, the defense expects a short trial, with 1-2 days of testimony that will center around whether the Government can prove beyond a reasonable doubt that Mr. Diaz-Amezcua manifested an intent to injure Agent Sketch by way of an elbow strike on the day of the incident.

## II. STIPULATIONS

The Government and Defense have stipulated to the admissibility of Government's Exhibits 1 & 2. *See* ECF No. 72.

## III. ELEMENTS

The parties have no current stipulations to the offense elements. To prove it's case against Mr. Diaz-Amezcua, the United States must prove beyond a reasonable doubt the following elements:

*First*, Mr. Diaz-Amezcua forcibly assaulted Agent Walter Sketch; and

*Second*, Mr. Diaz-Amezcua did so while Agent Walter Sketch was engaged in, or on account of his official duties; and

*Third*, Mr. Diaz-Amezcua inflicted bodily injury.

The 9th Circuit has made clear that a forcible assault requires an intentional strike, and that merely tensing up and resisting arrest is not a forcible assault. *U.S. v. Chapman*, 528 F.3d 1215, 1219-21 (9th Cir. 2008).

### IV. Issues at Trial

#### A. The 2018 Border Patrol Contact and Federal Rules of Evidence 403

Mr. Diaz-Amezcua moved under FRE 403 to exclude the Government's 404(b) evidence of the 2018 contact. ECF No. 58 at 8. As the Court did not address Mr. Diaz-Amezcua's FRE 403 concerns in its written order, the defense intends to object at the outset of the Government's testimony on this matter for issue preservation purposes.

#### B. If a prima-facie case of self-defense appears in testimony, the defense intends to ask for an instruction.

As noted in previous motions, Mr. Diaz-Amezcua does not intend to use self-defense as his main theory of the case. However, there are potential realities where evidence comes in in a way that leads credence to this theory. In the event this occurs, Mr. Diaz-Amezcua would have two potential avenues of self-defense.

*First*, if Mr. Diaz-Amezcua was unaware that Agent Sketch was a law enforcement officer, he would have an arguable affirmative defense. *United States v. Feola*, 420 U.S. 671 (1975).

*Second*, if the evidence shows that Border Patrol used excessive force in their arrest, Mr. Diaz-Amezcua would have an arguable affirmative defense. *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992).

The defense has provided two potential jury instructions in this vein for the Court's consideration.

Dated: October 27, 2025.

    Federal Defenders of E. Washington & Idaho
    Attorney for Martin Diaz-Amezcua
    s/Carter Powers Beggs
    Carter Powers Beggs, WSBA No. 60065
    601 West Riverside Ave., Suite 900
    Spokane, Washington 99201
    t: (509) 624-7606
    carter_powersbeggs@fd.org

### Service Certificate

I certify that on October 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Michael J. Ellis.

    s/Carter Powers Beggs
    Carter Powers Beggs, WSBA No. 60065
    601 West Riverside Ave., Suite 900
    Spokane, Washington 99201

t: (509) 624-7606
carter_powersbeggs@fd.org